IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CHRISTINE JANE O.,**[1] | 3:17-cv-01988-BR |
|     **Plaintiff,** | **OPINION AND ORDER** |
| **v.** | |
| **COMMISSIONER OF SOCIAL SECURITY,** | |
|     **Defendant.** | |

**MERRILL SCHNEIDER**
Schneider Kerr & Robichaux
P.O. Box 14490
Portland, OR 97293
(503) 255-9092

    Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1003

---

[1] In the interest of privacy and pursuant to the recommendation of the Judicial Conference of the United States, this Opinion and Order uses only the first name and the initial of the last name of the nongovernmental parties. The same designation will be used to identify nongovernmental parties' family members if named in this case.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**RYAN LU**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2034

      Attorneys for Defendant

**BROWN, Senior Judge.**

    Plaintiff Christine Jane O. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

    For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

    Plaintiff protectively filed her applications for DIB and SSI benefits on June 5, 2014. Tr. 18.[2] Plaintiff alleges a disability onset date of October 1, 2007. Tr. 1. Plaintiff's

---

[2] Citations to the official transcript of record (#11) filed by the Commissioner on June 7, 2018, are referred to as "Tr."

2 - OPINION AND ORDER

applications were denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on October 19, 2016.  Tr. 18, 35-74.  Plaintiff and a vocational expert (VE) testified.  Plaintiff was represented by an attorney at the hearing.

On December 8, 2016, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 18-30.  On February 10, 2017, Plaintiff requested review by the Appeals Council.  Tr. 186.  On October 11, 2017, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner.  Tr. 1-3. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On December 13, 2017, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

## BACKGROUND

Plaintiff was born on October 30, 1962.  Tr. 27.  Plaintiff was forty-four years old on her alleged disability onset date.  Tr. 27.  Plaintiff attended school through the ninth grade.  Tr. 27, 41.  The ALJ found Plaintiff has past relevant work experience as a delivery driver.  Tr. 27.

Plaintiff alleges disability due to chronic obstructive pulmonary disease (COPD), diabetes, asthma, "back problems,"

3 - OPINION AND ORDER

obesity, bronchitis, "polyps in colon," diverticulitis, arthritis, and bursitis. Tr. 77-78, 226.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 24-26.

### **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*,

682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

**I. The Regulatory Sequential Evaluation**

At Step One the claimant is not disabled if the Commis-

sioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a

day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since October 1, 2007, Plaintiff's alleged disability onset date. Tr. 20.

At Step Two the ALJ found Plaintiff has the severe impairments of COPD, morbid obesity, sleep apnea, diabetes, and peripheral neuropathy. Tr. 20.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 21. The ALJ found Plaintiff had the RFC to perform light work from October 1, 2007, to March 1, 2015. Tr. 22-26. The ALJ also found Plaintiff had the RFC to perform sedentary work beginning March 1, 2015, through December 8, 2016, the date of his decision. Tr. 28-29. For each period the ALJ found Plaintiff can only occasionally climb ramps and stairs, can frequently stoop, and can only occasionally crouch. The ALJ also found Plaintiff cannot kneel or crawl; cannot climb ladders, ropes, and scaffolds; and should avoid concentrated exposure to extreme cold, heat, fumes, orders, dusts, and gases. The ALJ found Plaintiff should avoid work hazards, such as machinery and heights. Tr. 22.

At Step Four the ALJ concluded Plaintiff is able to perform her past relevant work as a delivery driver as she performed it.

Tr. 27-28, 29-30. In addition, the ALJ made an alternative finding at Step Five that Plaintiff can perform other occupations such as small-products assembler, electronics-accessories assembler, and plumbing-hardware assembler that exist in significant numbers in the national economy. Tr. 28, 30. Accordingly, the ALJ found Plaintiff is not disabled. Tr. 27.

**DISCUSSION**

Plaintiff contends the ALJ's determination at Step Four that Plaintiff could perform her past relevant work is not supported by substantial evidence in the record. In response the Commissioner contends the record supports the ALJ's determination.

Plaintiff stipulates to the ALJ's evaluation of Plaintiff's RFC except for the ALJ's finding that Plaintiff can perform her past work as a delivery driver as she "actually performed it."

**I. Step Four**

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser v. Comm'r of Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011).

"At step four of the sequential analysis, the claimant has the burden to prove that [she] cannot perform [her] prior work

9 - OPINION AND ORDER

either as actually performed or as generally performed in the national economy." *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008).

"Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). Accordingly, the ALJ must make the requisite factual findings supported by substantial evidence in the record before concluding that the claimant is "able to perform: 1. The actual functional demands of the job duties of a particular past relevant job; or 2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy." *Id.* at 845. "This requires specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work." *Id.*

Social Security Regulations identify two sources of information that may be used to define a claimant's past relevant work "as actually performed": a properly completed vocational report (SSR 82-61) and the claimant's own testimony (SSR 82-41). *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001). "The claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally

10 - OPINION AND ORDER

sufficient for determining the skill level; exertional demands and nonexertional demands of such work." SSR 82-61. The Ninth Circuit has also recognized a claimant's own testimony is "highly probative" regarding her ability to perform the demands of her past relevant work. *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993). *See also Molina v. Berryhill*, 734 F. App'x. 492, 495 (9th Cir. 2018).

**II. Analysis**

As noted, the ALJ found Plaintiff could perform light work from October 1, 2007, to March 1, 2015, and that Plaintiff could perform sedentary work from March 1, 2015, to December 8, 2016. The ALJ also found Plaintiff was capable of performing her past relevant work as a delivery driver at a sedentary level as she actually performed it.

At the hearing Plaintiff testified the delivery-driver job involved taking rental cars from the airport to the auction or "wherever they needed to go." Tr. 67. When asked how much of her work day was spent driving compared to delivering and walking to the vehicles, Plaintiff testified:

> Well, driving is probably on and off all day, but when we get back, we drive -- we go to our lot, get a car, you walk probably maybe 10 minutes -- 5/10 minutes. You have to stand and wait around for the driver to even show up to pick you up and you take the cars to the auction, come back, walk to the next line of cars, and get in the next car.

Tr. 72. Plaintiff indicated in her Work History Report dated

11 - OPINION AND ORDER

July 26, 2014, that the delivery-driver job did not involve any lifting or carrying, but she had to walk three hours per day, to stand five hours per day, and to sit three hours per day. Tr. 238.  Plaintiff also testified she "probably could" do the job, "[a]s long as there ain't a lot of walking to get . . . to the vehicle."  Tr. 68.

The ALJ characterized the delivery-driver job as "mostly a sit-down job."  Tr. 66.  When the ALJ asked Plaintiff if she could perform that job today, Plaintiff replied, "Yeah, something like that I could probably do."  Tr. 67.

The VE testified the Dictionary of Occupational Titles (DOT) defined Plaintiff's past relevant work as a delivery driver as medium work, and the VE stated Plaintiff, therefore, could not perform the job as defined.  Tr. 54.  The VE, however, also testified Plaintiff could perform the job at a sedentary level based on Plaintiff's description of the job as she actually performed it.  Tr. 56-57.  Accordingly, the VE's testimony resolved the apparent conflict between the DOT and the ALJ's evaluation of Plaintiff's RFC for sedentary work.  In addition, the Court finds the VE's testimony was reasonable and provided a basis for the ALJ to rely on that testimony rather than the DOT when the ALJ was determining whether Plaintiff could perform her past relevant work.  *See Tommasetti v. Astrue*, 533, F.3d 1035, 1042 (9th Cir. 2008).

On this record the Court concludes the ALJ did not err because the ALJ's decision was supported by substantial evidence in the record.

## **CONCLUSION**

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED this 15th day of November, 2018.

/s/ Anna J. Brown

ANNA J. BROWN
United States Senior District Judge